

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ROBERT LEE EARL                     §
(BOP Reg. # 12952-021 and           §
TDCJ No. 599178)                    §
                                    §       CIVIL NO.4:11-CV-342-A(BJ)
                                    §
NFN GOMEZ, et al.                   §

FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

In this case, defendant/appellant Robert Lee Earl has filed a
motion for leave to proceed *in forma pauperis* on appeal. Resolution
of the motion was referred to the United States Magistrate Judge
pursuant to the provisions of 28 U.S.C. § 636(b). The findings,
conclusions and recommendation of the United States Magistrate
Judge are as follows:

FINDINGS AND CONCLUSIONS:

A. NATURE OF THE CASE

This case is on appeal from the Court's dismissal of Robert
Lee Earl's civil case.

B. PARTIES

Robert Lee Earl is the plaintiff. The case was dismissed
before service upon any of the individually named defendants, all
associated with FCI-Fort Worth.

C. LEGAL ANALYSIS

On September 26, 2011, plaintiff/appellant Earl filed an
application/motion for leave to proceed *in forma pauperis* (IFP) on
appeal. The Court has referred the motion to the undersigned. In

*Donaldson v. Ducote,* 373 F.3d 622, 624-25 (5th Cir. 2004), the United States Court of Appeals for the Fifth Circuit *sua sponte* found that it did not have jurisdiction to review a magistrate judge's order denying an appellant's motion for leave to proceed in forma pauperis on appeal and certifying that the appeal was not taken in good faith. Appellant had not consented to the magistrate judge's ruling on his right to appeal *in forma pauperis*, and he had not been afforded the opportunity to object to the magistrate judge's recommendation. *Id.* at 624-25. Thus, the court of appeals remanded the case to the district judge "for the limited purpose of reviewing the magistrate judge's certification that [appellant's] appeal is not taken in good faith and entering an appropriate order." *Id* at 625.  Guided by the logic of *Ducote*, the undersigned has considered Earl's motion for leave to proceed *in forma pauperis* on appeal through this report and recommendation procedure, with time provided for appellant to submit objections.

The motion for leave to proceed *in forma pauperis* on appeal pursuant to 28 U.S.C. § 1915 should be denied because applicant Robert Lee Earl is barred from proceeding in forma pauperis on appeal because of the "three strikes" rule of 28 U.S.C. § 1915(g). Earl incurred the qualifying dismissals in this the United States District Court for the Northern District of Texas and in the United

States Court of Appeals for the Fifth Circuit.[1] In the motion to proceed in forma pauperis on appeal, Earl has not claimed that he is "under imminent danger of serious physical injury" to satisfy the exception to 28 U.S.C. § 1915(g).

<u>RECOMMENDATION</u>

It is therefore RECOMMENDED that plaintiff Robert Lee Earl's September 26, 2011, motion/application to proceed in forma pauperis on appeal (docket no. 18) be DENIED.

<u>NOTICE OF RIGHT TO OBJECT TO PROPOSED
FINDINGS, CONCLUSIONS AND RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until November 23, 2011. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate

---

[1] *See Earl v. Dretke*, No.05-10548 (5th Cir. April 6, 2006); *Earl v. Officer Johnson*, No. 94-10724 (5th Cir. Mar. 23, 1995); *Earl v. Dretke*, 2:04-CV-290-J (N.D.Tex. April 18, 2005).

3

judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding and legal conclusion if it has been accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc).

<u>ORDER</u>

Under 28 U.S.C. § 636, it is ORDERED that Plaintiff is granted until November 23, 2011 to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge, be and is hereby, returned to the docket of the United States District Judge.

SIGNED November 2nd, 2011.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

4